UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRIS J. LEE,<br>　　　　Plaintiff,<br>　v.<br>I. MCGUCKEN,<br>　　　　Defendant. | Case No. 18-cv-03689-HSG (PR)<br><br>**ORDER OF PARTIAL DISMISSAL WITH LEAVE TO AMEND** |

**INTRODUCTION**

Plaintiff, an inmate at California State Prison–Sacramento, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against officials and staff at Salinas Valley State Prison ("SVSP"), where he was previously incarcerated. His application to proceed *in forma pauperis* is granted in a separate order. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

**ANALYSIS**

**A.　Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). *Pro se* pleadings must be liberally construed, however. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."' *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. Legal Claims

Plaintiff alleges that on April 12, 2015 he was physically attacked by the following SVSP correctional officers: E. Knox, Curry, F. Medina, J. Streeper, H. Gasca, and I. McGuckin. Plaintiff also alleges that during the attack, some of these officers directed racial slurs and derogatory homophobic comments at him. Following the assault, plaintiff had to receive treatment for multiple injuries at Natividad Medical Center. Allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997), *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (directing vulgar language at prisoner does not state constitutional claim). However, liberally construed, plaintiff's allegations regarding the physical attack state a cognizable Eighth Amendment claim for excessive force as against Knox, Curry III, F. Medina, J. Streeper, H. Gasca, and I. McGuckin.

Plaintiff further alleges that: (1) the attack was done in retaliation for plaintiff having notified the warden of abuses he had suffered in prison; and (2) his attackers prepared a false

disciplinary report following the assault, and plaintiff was denied due process in connection with the disciplinary hearing. The retaliation and due process allegations fail to state clearly what happened, when it happened, what each defendant did, and how those actions or inactions rise to the level of a federal constitutional violation. The lack of detail prevents the Court from determining which claims deserve a response and from whom, and also prevents individual defendants from framing a response to the complaint. These deficiencies require that an amended complaint be filed. Plaintiff should bear in mind the following legal principles as he prepares his amended complaint.

Retaliation: "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). The plaintiff must show that the type of activity he was engaged in was protected by the First Amendment and that the protected conduct was a substantial or motivating factor for the alleged retaliatory acts. *See Mt Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977). Retaliation is not established simply by showing adverse activity by a defendant after protected speech; rather, the plaintiff must show a nexus between the two. *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of post hoc, ergo propter hoc, i.e., "after this, therefore because of this"). *See generally Reichle, et al. v. Howards*, 132 S.Ct. 2088, 2097-98 (2012) (Ginsburg, J. concurring) (finding no inference of retaliatory animus from Secret Service agents' assessment whether the safety of the person they are guarding is in danger); *Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 901 (9th Cir. 2008) (finding no retaliation where plaintiff presented no evidence that defendants gave her a traffic citation after defendants read a newspaper article about her First Amendment activities, rather than because she drove past a police barricade with a "road closed" sign on it). In his amended complaint, plaintiff must be more specific about what kind of notification he made to the warden, including whether any prison grievances were filed. Plaintiff should also give the date(s) of the

3

complaint to the warden and/or grievances and should be more specific as to how the named defendants knew of his complaint and/or grievances.

Due Process: The Due Process Clause of the Fourteenth Amendment of the U.S. Constitution protects individuals against governmental deprivations of life, liberty or property without due process of law. Interests that are procedurally protected by the Due Process Clause may arise from two sources—the Due Process Clause itself and laws of the states. *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). In the prison context, these interests are generally ones pertaining to liberty. Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (citing *Vitek v. Jones*, 445 U.S. 480, 493 (1980) (transfer to mental hospital), and *Washington v. Harper*, 494 U.S. 210, 221-22 (1990) (involuntary administration of psychotropic drugs)). Deprivations that are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that the liberty in question is one of "real substance." *See Sandin*, 515 U.S. at 477-87. An interest of "real substance" will generally be limited to freedom from restraint that imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or "will inevitably affect the duration of [a] sentence." *Id.* at 484, 487.

Identifying a constitutionally-protected liberty interest is only the first step; the prisoner also must identify the procedural protections not provided to him when he was deprived of that constitutionally-protected liberty interest to state a claim. The procedural protections required in a prison disciplinary proceeding include written notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous, and aid to the accused where the inmate is illiterate or the issues are complex. *See Wolff v. McDonnell*, 418 U.S. 539, 564-67 (1974). There also must be some evidence to support the decision, *see Superintendent v. Hill*, 472 U.S. 445, 454 (1985), and the information that forms the basis for prison disciplinary actions must have some indicia of reliability, *see Cato v. Rushen*, 824 F.2d 703, 704-05 (9th Cir. 1987). The Due Process Clause only requires that prisoners be

afforded those procedures mandated by *Wolff* and its progeny; it does not require that a prison comply with its own, more generous procedures. *See Walker v. Sumner*, 14 F.3d 1415, 1419-20 (9th Cir. 1994), *overruled on other grounds by Sandin*, 515 U.S. 472.

The complaint fails to state a claim for a due process violation. The complaint does not allege that plaintiff was denied a protected liberty interest. That is, he does not identify what the defendants did to him that resulted in the imposition of an atypical and significant hardship in relation to the ordinary incidents of prison life or will inevitably affect the duration of his confinement. *See Sandin*, 515 U.S. at 484, 487. The absence of such information prevents the court from determining that there was a deprivation of any constitutionally protected liberty interest to trigger any need for procedural protections under the federal constitution. The other problem is that plaintiff does not allege the particular procedural protection(s) he was not provided before he was deprived of the liberty interest. In his amended complaint, plaintiff must identify the deprivation of a protected liberty interest he experienced and identify each procedural protection he did not receive in connection with his disciplinary proceedings.

<u>False Charges</u>: As noted above, plaintiff alleges that the disciplinary report filed against him was fabricated. False charges alone are not actionable under § 1983 because falsely accusing a person of misconduct does not violate a right secured by the Constitution or laws of the United States. For a false accusation to be potentially actionable, the false charge must implicate some constitutional right, such as the Fourteenth Amendment's right to due process. An allegation of a false charge that results in discipline that is not severe enough to amount to a deprivation of a protected liberty interest under *Sandin* – that is, by imposing an atypical and significant hardship or by inevitably affecting the duration of confinement – does not state a claim under § 1983. *See Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002) (no § 1983 claim was stated for allegedly false charges because the disciplinary confinement imposed was too short to amount to an atypical and significant hardship under *Sandin*). Even if the false charge does result in discipline that amounts to the deprivation of a protected liberty interest under *Sandin*, a § 1983 claim is not stated if the inmate is afforded the procedural protections required by federal law at the disciplinary hearing. *See Smith*, 293 F.3d at 654; *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th

Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986); *Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir. 1984). The complaint does not state a claim based merely on the fact that plaintiff allegedly was falsely charged.

In his amended complaint, plaintiff must specifically identify what each named defendant did or did not do with regard to his retaliation claim and due process claim. Sweeping conclusory allegations will not suffice. Plaintiff should not refer to the defendants as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claims by explaining what each involved defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). The complaint need not be long. In fact, a brief and clear statement with regard to each claim listing each defendant's actions regarding that claim is preferable.

Plaintiff is advised that Federal Rule of Civil Procedure 20(a) provides that all persons "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). In his amended complaint, plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences, and (b) present questions of law or fact common to all defendants named therein.

Plaintiff is cautioned that there is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under § 1983 arises only upon a showing of personal participation by the defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Finally, plaintiff is advised that the use of a Doe defendant is not favored in the Ninth Circuit. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Using a Doe defendant designation creates the following problem: that person cannot be served with process until she is identified by his or her real name. Should plaintiff learn the identity of his John Doe defendants through discovery or otherwise, he may move to file an amended complaint to add them as

6

defendants. *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1197-98 (9th Cir. 2003).

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. The complaint states a cognizable Eighth Amendment claim against SVSP defendants Knox, Curry III, F. Medina, J. Streeper, H. Gasca, and I. McGuckin.

2. All other claims are dismissed with leave to amend, as indicated above, within **thirty (30)** days from the date of this order. The pleading must be simple and concise and must include the caption and civil case number used in this order (18-3689 HSG (PR)) and the words AMENDED COMPLAINT on the first page. The Clerk of the Court shall send plaintiff a blank civil rights form along with his copy of this order.

Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). This means plaintiff must repeat his excessive force allegations in the amended complaint if he files an amended complaint.

3. If plaintiff does not wish to file an amended complaint, he shall so inform the Court within **thirty (30)** days from the date of this order. Failure to file an amended complaint within the designated time and in compliance with this order will result in the Court proceeding only on the excessive force claim found cognizable above.

**IT IS SO ORDERED.**

Dated: 10/30/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge

7