UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRIS J. LEE,<br><br>    Plaintiff,<br><br>v.<br><br>I. MCGUCKIN, et al.,<br><br>    Defendants. | Case No. 18-cv-03689-HSG (PR)<br><br>**ORDER OF RE-SERVICE ON DEFENDANT MCGUCKIN; DIRECTING PLAINTIFF TO PROVIDE COURT WITH MORE INFORMATION FOR DEFENDANT CURRY, III** |

On June 20, 2018, plaintiff, an inmate at California State Prison–Sacramento, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against officials and staff at Salinas Valley State Prison ("SVSP"), where he was previously incarcerated. On December 7, 2018, the Court directed the Clerk to prepare the summonses for service of the complaint upon SVSP correctional officers: E. Knox, Curry, III, F. Medina, J. Streeper, H. Gasca, and I. McGuckin. On January 3, 2019, the summonses for defendants McGuckin and Curry, III were returned unexecuted with the following remark by the United States Marshal: "CDCR/USMS unable to identify or locate defendant." Dkt. No. 14. It appears that defendant McGuckin's name was incorrectly spelled "McGucken" on the summons. Accordingly, service will be reissued for this defendant pursuant to the instructions below.

As for defendant Curry, III, plaintiff is advised that although a plaintiff who is incarcerated and proceeding *in forma pauperis* may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service;" rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Absent a showing of "good cause," a complaint pending for over 90 days is subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m).

Plaintiff has not provided sufficient information to allow the Marshal to locate and serve defendant Curry, III. Consequently, plaintiff must remedy the situation or face dismissal of defendant Curry, III from this action without prejudice. *See Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service). Because the complaint has been pending for over 90 days, the Court will *sua sponte* grant plaintiff an extension of time to effectuate service on defendant Curry, III, pursuant to the instructions below.

## CONCLUSION

1. The Clerk shall re-issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint (Dkt. No. 1), a copy of the Court's October 30, 2018 screening order (Dkt. No. 7), a copy of the Court's December 7, 2018 service order (Dkt. No. 10), and a copy of this order upon **I. McGuckin** at **Salinas Valley State Prison**.

The Clerk is further directed to correct the spelling of defendant McGuckin's name on the court docket by substituting "McGuckin" for "McGucken."

2. Within **sixty (60)** days of this order**,** plaintiff must effectuate service on defendant Curry, III, or submit to the Court sufficient information to identify and locate defendant Curry, III such that the Marshal is able to effectuate service. **If plaintiff fails to provide the court with the information requested within sixty (60) days of the date this order is filed, plaintiff's claim against defendant Curry, III will be dismissed without prejudice pursuant to Rule 4(m) of**

**the Federal Rules of Civil Procedure.**

3. The briefing schedule set forth in the Court's December 7, 2018 service order is VACATED. The Court will issue a new briefing schedule for dispositive motions when service issues have been resolved.

**IT IS SO ORDERED.**

Dated: 1/17/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge