UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PERRIS J. LEE,

        Plaintiff,

v.

E. KNOX, et al.,

        Defendants.

Case No. 18-cv-03689-HSG

**ORDER DIRECTING PLAINTIFF TO SHOW CAUSE**

Plaintiff filed this *pro se* civil rights action under 42 U.S.C. § 1983, alleging that, on April 12, 2015, Salinas Valley State Prison ("SVSP") officers Knox, Curry III, Medina, Streeper, Gasca, and McGuckin physically attacked him, in violation of the Eighth Amendment's prohibition against the use of excessive force. Dkt. Nos. 1, 7, 10.[1] Now pending before this Court is the summary judgment motion filed by defendants Knox, Medina, Streeper, Gasca, and McGuckin ("Defendants"). Dkt. No. 62.

**DISCUSSION**

**I. Summary Judgment Motion**

The basis for Defendants' summary judgment motion is Plaintiff's repeated refusal to respond to Defendants' requests for admissions ("RFA"). Defendants first served the RFAs on Plaintiff on March 19, 2021. Plaintiff did not respond to them or request an extension of time to respond. Dkt. No. 62-2 ("Quinn Decl."), ¶ 2. On August 24, 2021, Defendants served a second sets of RFAs on Plaintiff. Plaintiff again did not respond or request an extension of time to respond. Quinn Decl., ¶ 3. On October 27, 2021, Plaintiff represented to counsel that he had not

---

[1] Defendant Curry III was never served and has been dismissed from this action. Dkt. No. 24.

received the discovery requests, including the RFAs, served on March 19, 2021, or the discovery requests served on August 24, 2021. Defendants served Plaintiff with the RFAs for a third time on November 8, 2021. Plaintiff again did not respond or request an extension of time to respond. Quinn Decl., ¶ 4. On December 28, 2021, counsel for Defendants sent Plaintiff a letter stating that if responses to the written discovery were not received by January 4, 2022, Defendants would file a motion to compel responses to the discovery requests and to deem the RFAs admitted. Plaintiff did not respond to this letter, and has not requested an extension of time to respond to the discovery requests. Quinn Decl., ¶ 5. These requests asked Plaintiff to admit, among other things, that

- none of the Defendants assaulted Plaintiff as alleged in the complaint;
- none of the Defendants injured Plaintiff as alleged in the complaint;
- none of the Defendants violated Plaintiff's Eighth Amendment rights as alleged in the complaint; and
- the allegations in the complaint are frivolous.

*See generally* Dkt. No. 62. Defendants argue that the Court should deem these requests admitted because Plaintiff has failed to respond to these RFAs.

Plaintiff has not responded to Defendants' discovery requests. Plaintiff has not filed an opposition to Defendants' summary judgment motion, and the deadline to do so has since passed. Plaintiff has not communicated with the Court since August 23, 2021. Dkt. No. 57.

**II.     Order to Show Cause**

Plaintiff has not responded to Defendants' discovery requests. Plaintiff has not filed an opposition to Defendants' summary judgment motion, and the deadline to do so has since passed. Plaintiff has not communicated with the Court since August 23, 2021. Dkt. No. 57. It is unclear if Plaintiff wishes to proceed with this action. Within **twenty-one (21) days** of the date of this order, Plaintiff is ordered to show cause why the Court should not either (1) grant Defendants' summary judgment motion, or (2) dismiss this action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

//

//

//

**CONCLUSION**

For the reasons set forth above, the Court ORDERS Plaintiff to show cause, within **twenty-one (21) days** of the date of this order why the Court should not either (1) grant Defendants' summary judgment motion, or (2) dismiss this action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Dated: 3/4/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge

3