<div style="text-align:center; writing-mode: vertical">United States District Court<br>Northern District of California</div>

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PERRIS J. LEE,

              Plaintiff,

    v.

E. KNOX, et al.,

              Defendants.

Case No. 18-cv-03689-HSG

**ORDER OF DISMISSAL**

Plaintiff filed this *pro se* civil rights action under 42 U.S.C. § 1983, alleging that, on April 12, 2015, Salinas Valley State Prison ("SVSP") officers Knox, Curry III, Medina, Streeper, Gasca, and McGuckin physically attacked him, in violation of the Eighth Amendment's prohibition against the use of excessive force. Dkt. Nos. 1, 7, 10. For the reasons set forth below, this action is DISMISSED without prejudice for failure to prosecute.

**DISCUSSION**

**I.    Background**

On January 3, 2022, Defendants notified the Court that, since March 19, 2021, Plaintiff had failed to respond to Defendants' discovery requests and has not sought an extension of time to respond. Dkt. No. 61. On January 5, 2022, Defendants filed a motion for summary judgment, arguing that the Court should deem admitted Defendants' discovery requests because Plaintiff had failed to respond to these requests and that the admissions would entitle Defendants to summary judgment. The discovery requests asked Plaintiff to admit, among other things, that

- none of the Defendants assaulted Plaintiff as alleged in the complaint;
- none of the Defendants injured Plaintiff as alleged in the complaint;
- none of the Defendants violated Plaintiff's Eighth Amendment rights as alleged in the complaint; and
- the allegations in the complaint are frivolous.

1   *See generally* Dkt. No. 62.  Plaintiff did not file an opposition to the summary judgment motion

2   and has not communicated with this Court since August 23, 2021, when he filed a notice of

3   change of address.  Dkt. No. 57.

4          On March 4, 2022, the Court ordered Plaintiff to show cause, by March 25, 2022, why the

5   Court should not either (1) grant Defendants' summary judgment motion, or (2) dismiss this action

6   for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).  Dkt. No. 64.  Plaintiff has not responded

7   to the Court's Order to Show Cause and the deadline to do so has passed.

8   **II.     Dismissal for Failure to Prosecute**

9          It is well established that a district court has the authority to dismiss an action because of a

10   plaintiff's failure to comply with court orders or because of a plaintiff's failure to prosecute an

11   action.  *See* Fed. R. Civ. P. 41(b); *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010),

12   *abrogated on other grounds by Microsoft Corp. v. Baker*, 137 S. Ct. 1702 (2017).  In determining

13   whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district

14   court should consider five factors: (1) the public's interest in expeditious resolution of the

15   litigation: (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)

16   the public policy favoring the disposition of actions on their merits; and (5) the availability of less

17   drastic sanctions.[1]  *See id.*; *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–63 (9th Cir. 1992)

18   (applying these factors where plaintiff failed to comply with court orders).  A Rule 41(b) dismissal

19   must also be supported by a showing of unreasonable delay.  *Id.*

20          All five factors weigh in favor of dismissal.

21          The first two factors – the public's interest in expeditious resolution of the litigation and

22   the court's need to manage its docket – weigh in favor of dismissal.  Plaintiff has not

23   communicated with the Court since August 23, 2021.  Plaintiff has not responded to discovery

24   requests served on March 19, 2021 and August 24, 2021, and served a second time on November

25   8, 2021.  Plaintiff has not responded to Defendants' summary judgment motion or the Court's

26

27   [1] A district court must afford the litigant prior notice of its intention to dismiss.  *See Applied
    Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 892 (9th Cir. 2019) (citing to *Olivia v. Sullivan*,

28   958 F.2d 272, 274 (9th Cir. 1992)).  The Court provided Plaintiff with prior notice in its March 4,
    2022 order (Dkt. No. 64), to which Plaintiff did not respond.

United States District Court
Northern District of California

United States District Court
Northern District of California

1  March 4, 2022 Order to Show Cause.  Plaintiff has not litigated this action diligently, and his

2  actions in the past year suggest that he is unlikely to do so.  Plaintiff's conduct prevents the Court

3  from expeditiously moving this case toward disposition, thereby interfering with the Court's

4  ability to manage its docket.

5      The third factor — prejudice to defendants —  also weighs in favor of dismissal.  A

6  rebuttable presumption of prejudice to defendants arises when there is a failure to prosecute

7  diligently, which may be rebutted when a plaintiff proffers an excuse for delay.  *See In re Eisen*,

8  31 F.3d 1447, 1452–53 (9th Cir. 1994).  Defendants are entitled to a presumption of prejudice

9  because Plaintiff has failed to diligently prosecute this case and failed to provide any excuse or

10  reason for his failure to participate in discovery, failure to respond to the pending summary

11  judgment motion, and failure to otherwise prosecute this case.

12      The fourth factor — public policy in favor of deciding cases on their merits —also weighs

13  in favor of dismissal.  Simply put, if Plaintiff refuses to respond to discovery and the summary

14  judgment motion, this case cannot be decided on the merits.

15      Finally, the fifth factor — availability of less drastic sanctions — weighs in favor of

16  dismissal.  The Court is dismissing this case without prejudice to reopening if Plaintiff can

17  demonstrate good cause for his failure to prosecute.  Moreover, given that Plaintiff has not

18  responded to the Court's last order, no lesser sanction is available.  *See Fellows v. Hartley*, 2010

19  WL 1335393, at *2 (E.D. Cal. 2010) (given Petitioner's noncompliance with the Court's order, no

20  lesser sanction is feasible), *adopted in full*, 2010 WL 398973 (E.D. Cal. 2010); *Carey*, 856 F.2d at

21  1441.

22      Finally, Plaintiff's delay in prosecuting this action is unreasonable.  Plaintiff filed this

23  action in June 2018, the relevant events took place in 2015, and Plaintiff has not communicated

24  with this Court since August 23, 2021.  This case becomes more challenging to prosecute as the

25  months go by because witnesses may become unavailable, and their memories of the relevant

26  events will fade.  Having carefully considered all five factors and in light of the unreasonable

27  delay, the Court concludes that dismissal for failure to prosecute and for failure to respond to the

28  Court's order is appropriate.  *Cf. Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("It would be

absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not.") (affirming dismissal of case without prejudice where plaintiff failed to advise court of change in address).  The Court DISMISSES this action without prejudice.  Any motion requesting that the Court reopen this case must show good cause for the failure to prosecute.

## CONCLUSION

For the reasons set forth above, the Court DISMISSES this action without prejudice for failure to prosecute and for failure to respond to the Court's order, pursuant to Fed. R. Civ. P. 41(b).  The Clerk shall enter judgment in favor of Defendants, deny all pending motions as moot, and close the case.

**IT IS SO ORDERED.**

Dated:   3/30/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California