UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRIS J. LEE,<br><br>    Plaintiff,<br><br>v.<br><br>E. KNOX, et al.,<br><br>    Defendants. | Case No. 18-cv-03689-HSG<br><br>**ORDER DENYING REQUEST TO VACATE JUDGMENT**<br><br>Re: Dkt. No. 67 |

Plaintiff filed this *pro se* civil rights action under 42 U.S.C. § 1983. Dkt. No. 1. On March 30, 2022, the Court dismissed this action without prejudice for failure to prosecute and failure to respond to the Court's order, pursuant to Fed. R. Civ. P. 41(b); and entered judgment in favor of Defendants. Dkt. Nos. 65, 66. Now pending before the Court is Plaintiff's motion to vacate the dismissal and entry of judgment. Dkt. No. 67. For the reasons set forth below, the Court DENIES without prejudice the request to vacate the dismissal and entry of judgment. Dkt. No. 67.

**DISCUSSION**

**I.    Procedural History**

Plaintiff filed this *pro se* civil rights action under 42 U.S.C. § 1983 alleging that, on April 12, 2015, Salinas Valley State Prison ("SVSP") officers Knox, Curry III, Medina, Streeper, Gasca, and McGuckin physically attacked him, in violation of the Eighth Amendment's prohibition against the use of excessive force. Dkt. Nos. 1, 7, 10.

On January 3, 2022, Defendants notified the Court that, since March 19, 2021, Plaintiff had failed to respond to Defendants' discovery requests and has not sought an extension of time to respond. Dkt. No. 61. On January 5, 2022, Defendants filed a motion for summary judgment, arguing that the Court should deem admitted Defendants' discovery requests because Plaintiff had

1 failed to respond to these requests and that the admissions would entitle Defendants to summary
2 judgment.  Dkt. No. 62.  That same day, Defendants also filed a motion to compel Plaintiff to
3 respond the discovery requests.  Dkt. No. 63.  On March 5, 2022, the Court ordered Plaintiff to
4 show cause, by March 25, 2022, why the Court should not either (1) grant Defendants' summary
5 judgment motion, or (2) dismiss this action for failure to prosecute pursuant to Fed. R. Civ. P.
6 41(b).  Dkt. No. 64.  Plaintiff did not respond to the Court's Order to Show Cause by the specified
7 deadline.  On March 30, 2022, the Court dismissed this action without prejudice for failure to
8 prosecute and failure to respond to the Court's order, pursuant to Fed. R. Civ. P. 41(b); and
9 entered judgment in favor of Defendants.  Dkt. Nos. 65, 66.

## II.   Motion to Vacate

Plaintiff has filed a motion to vacate the dismissal and judgment.  Dkt. No. 67.  The entirety of Plaintiff's argument is as follows:

> I <u>Perris J. Lee</u>, (Plaintiff) move forward to <u>appeal</u> judgment of "<u>Dismissal</u>" in favor of <u>defendants</u>, for "<u>Erroneous</u>" that doesn't apply under the United States of law.  Therefore judgment should be reversed in favor of Plaintiff allow Courts to correct error.  (see Ex. "A-D") mailbox rule – Adams v. Lindsell (1818), Palo Alto v. BBPTC Co. 11 Cal. 3d 494 (1974) as "<u>All</u>" documents timely filed.

Dkt. No. 67 at 1.  Plaintiff attaches the following exhibits to his motion:  a March 25, 2022 letter from the Clerk of the Court returning his discovery material; a copy of Cal. Civ. Code § 1583 which defines consent in the context of contracts; an excerpt of a treatise explaining the mailbox rule as it applies to contracts; and a copy of *Palo Alto Town & Country Village*, 11 Cal. 3d 494 (Cal. 1974).  It is unclear what is the basis of Plaintiff's request to vacate the dismissal and judgment.  The basis of the dismissal was Plaintiff's failure to prosecute the case by responding to Defendants' discovery requests and his failure to respond to the Court's March 5, 2022 Order to Show Cause.  Plaintiff appears to be arguing that he timely filed a response with the Court that was incorrectly returned to him.  However, Plaintiff has not provided a copy of what he sent to the Court so the Court cannot assess whether the documents sent to the Court answered the March 5, 2022 Order to Show Cause and whether these documents would have successfully opposed

Defendants' summary judgment motion or otherwise showed an intent to prosecute.[1]  Plaintiff's remaining exhibits are inapplicable in this context.  This is not a contract case, and the Court is not governed by state law regarding contracts.  Plaintiff's request to vacate the dismissal and judgment is DENIED.  The denial is without prejudice filing a post-judgment motion pursuant to Fed. R. Civ. P. 60(b) seeking relief from a final judgment or order.  Any motion for post-judgment relief must specify how Plaintiff has satisfied the requirements for post-judgment relief.

## CONCLUSION

For the reasons set forth above, the Court DENIES without prejudice the request to vacate the dismissal and entry of judgment.  Dkt. No. 67.

This order terminates Dkt. No. 67.  This case remains closed.

**IT IS SO ORDERED.**

Dated:  4/12/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] If the documents that Plaintiff attempted to file with the Court were Plaintiff's discovery responses, they should be served on opposing party and not on the Court.  Discovery is exchanged between the parties and not filed with the Court.  Fed. R. Civ. P. 5(d)(1).