UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRIS J. LEE, | Case No. 18-cv-03689-HSG |
| Plaintiff, | **ORDER DENYING REQUEST FOR RECONSIDERATION WITHOUT PREJUDICE** |
| v. | |
| E. KNOX, et al., | Re: Dkt. No. 69 |
| Defendants. | |

Plaintiff filed this *pro se* civil rights action under 42 U.S.C. § 1983.  Dkt. No. 1.  On March 30, 2022, the Court dismissed this action without prejudice for failure to prosecute and failure to respond to the Court's order, pursuant to Fed. R. Civ. P. 41(b); and entered judgment in favor of Defendants.  Dkt. Nos. 65, 66.  Now pending before the Court is Plaintiff's request for reconsideration of the dismissal of this action.  Dkt. No. 69.  For the reasons set forth below, this request is DENIED without prejudice.

**DISCUSSION**

**I.      Background**

Plaintiff filed this *pro se* civil rights action under 42 U.S.C. § 1983 alleging that, on April 12, 2015, Salinas Valley State Prison ("SVSP") officers Knox, Curry III, Medina, Streeper, Gasca, and McGuckin physically attacked him, in violation of the Eighth Amendment's prohibition against the use of excessive force.  Dkt. Nos. 1, 7, 10.

On March 19, 2021, Defendants served discovery requests on Plaintiff.  Plaintiff did not respond to these discovery requests.  Dkt. No. 47-1 at 2.  On April 23, 2021, Defendants sought an extension of time to file their dispositive motion, stating that they required Plaintiff's responses to discovery in order to evaluate the arguments and legal authority.  Dkt. No. 47-1 at 2.  The Court

granted an extension of time to June 22, 2021.  Dkt. No. 48.  Plaintiff did not respond to Defendants' request for an extension of time or to the Court's grant of an extension of time.

On or about May 24, 2021, Plaintiff filed a notice of change of address, informing the Court that he was now housed at North Kern State Prison.[1]  Dkt. No. 50.  Plaintiff also declared under penalty of perjury that he had not received any documents from Defendants since they last spoke on the phone.  Dkt. No. 50.  Plaintiff did not specify the date of that phone conversation.

On or about June 3, 2021, the parties jointly stipulated to a settlement conference.  Dkt. No. 51.  On August 6, 2021, the parties participated in a settlement conference with Magistrate Judge Illman but were unable to settle the case.  Dkt. No. 54.  On August 11, 2021, the Court set a new briefing schedule, with dispositive motions due November 9, 2021.  Dkt. No. 55.

On or about August 23, 2021, Plaintiff filed a notice of change of address and requested a speedy trial.  Dkt. No. 56.

On August 24, 2021, Defendants propounded additional written discovery to Plaintiff.  Dkt. No. 57-1 at 2.  Plaintiff did not respond to these discovery requests.

During an October 27, 2021 telephone call, Plaintiff informed counsel for Defendants that he had not received any of Defendants' written discovery.  Dkt. No. 57-1 at 2.  On or about November 8, 2021, Defendants resent the discovery requests to Plaintiff.  Dkt. No. 61 at 2.

On January 3, 2022, Defendants notified the Court that Plaintiff had failed to respond to Defendants' discovery requests and had not sought an extension of time to respond.  Dkt. No. 61.  On January 5, 2022, Defendants filed a motion for summary judgment, arguing that the Court should deem admitted Defendants' discovery requests because Plaintiff had failed to respond to these requests and that the admissions would entitle Defendants to summary judgment.  Dkt. No. 62.  That same day, Defendants also filed a motion to compel Plaintiff to respond the discovery requests.  Dkt. No. 63.  Plaintiff did not respond to these January 2022 filings by Defendants.

On March 5, 2022, the Court ordered Plaintiff to show cause, by March 25, 2022, why the Court should not either (1) grant Defendants' summary judgment motion, or (2) dismiss this action

---

[1] Plaintiff's address of record prior to May 2021 was at Sacramento County Jail.  Dkt. No. 40.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).  Dkt. No. 64.

2          According to Plaintiff, on or about March 21, 2022, he sent his discovery responses to the

3    Court in an attempt to file them with the Court, and sent a copy of his discovery responses to

4    Defendants.  Dkt. No. 69 at 1-2; Dkt. No. 69-2 at 39-40.  On or about March 25, 2022, Plaintiff

5    received a letter from the Court returning his discovery responses and informing him that

6    discovery is exchanged between the parties and not filed with the Court in accordance with the

7    Federal Rules of Civil Procedure.  Dkt. No. 67 at 3.

8          Plaintiff did not file a response to the Court's Order to Show Cause by the specified

9    deadline.

10         On March 30, 2022, the Court dismissed this action without prejudice for failure to

11   prosecute and for failure to respond to the Court's order, pursuant to Fed. R. Civ. P. 41(b), and

12   entered judgment in favor of Defendants.  Dkt. Nos. 65, 66.  The Court considered the five factors

13   set forth in *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010), and determined that all

14   five factors weighed in favor of dismissal.

15         On April 7, 2022, Plaintiff filed a request to vacate judgment, which the Court denied on

16   April 12, 2022, without prejudice to filing a motion for reconsideration pursuant to Fed. R. Civ.

17   60(b) specifying how Plaintiff has satisfied the requirements for post-judgment relief.  Dkt. No.

18   68.

19   **II.     Motion for Reconsideration**

20         **A.     Legal Standard**

21         Where the court's ruling has resulted in a final judgment or order (e.g., after dismissal or

22   summary judgment motion), a motion for reconsideration may be based on Fed. R. Civ. P. 60(b).

23   *See Am. Ironworks & Erectors v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001).

24   Motions for reconsideration should not be frequently made or freely granted; they are not a

25   substitute for appeal or a means of attacking some perceived error of the court.  *See Twentieth*

26   *Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).  "'[T]he major

27   grounds that justify reconsideration involve an intervening change of controlling law, the

28   availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"

1    *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting

2    *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970)).

3         Rule 60(b) provides a mechanism for parties to seek relief from a judgment when "it is no

4    longer equitable that the judgment should have prospective application," or when there is any

5    other reason justifying relief from judgment.  *Jeff D. v. Kempthorne*, 365 F.3d 844, 851 (9th Cir.

6    2004) (quoting Fed. R. Civ. P. 60(b)).  Rule 60(b)(1) provides for reconsideration where there has

7    been mistake, inadvertence, surprise or excusable neglect and Rule 60(b)(6) provides for

8    reconsideration for any reason justifying relief not set forth in Rule 60(b).  Fed. R. Civ. P. 60(b);

9    *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993).  Under subparagraph (1), "the

10   determination of whether neglect is excusable is an equitable one that depends on at least four

11   factors:  (1) the danger of prejudice to the opposing party; (2) the length of the delay and its

12   potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted

13   in good faith."  *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000)

14   (adopting standard to determine excusable neglect as set forth in *Pioneer Inv. Servs. Co. v.*

15   *Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993)).  Rule 60(b)(6) is a "catchall provision" that

16   applies only when the reason for granting relief is not covered by any of the other reasons set forth

17   in Rule 60.  *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005).  "It has been used

18   sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where

19   extraordinary circumstances prevented a party from taking timely action to prevent or correct an

20   erroneous judgment."  *Id.* (internal quotations omitted).  Thus, to reopen a case under Rule

21   60(b)(6), a party must establish "both injury and circumstances beyond his control that prevented

22   him from proceeding in a proper fashion."  *Id.* (internal quotations omitted).  The standard for a

23   Rule 60(b)(6) motion is high, and such "relief should be granted sparingly to avoid manifest

24   injustice," and such circumstances rarely occur in the habeas context.  *Riley v. Filson*, 933 F.3d

25   1068, 1071 (9th Cir. 2019) (internal quotation marks and citation omitted).

26        **B.    Analysis**

27        Plaintiff argues that the Court should reconsider its dismissal of this action for failure to

28   prosecute because he complied with Court orders and prosecuted this action.  Dkt. No. 69.

United States District Court
Northern District of California

1   Plaintiff argues that he timely complied with the Court's orders by filing discovery responses with

2   the Court and serving them on Defendants on or about March 21, 2022, with an expected delivery

3   date of March 24, 2022, which was within the Court's deadline set in the Order to Show Cause.

4   He argues that the Court erred in refusing to log his discovery and in returning his discovery

5   responses to him with the directive to exchange discovery between parties when both parties

6   already had copies of his response.  Plaintiff alleges he filed an opposition to the summary

7   judgment motion.  Dkt. No. 69.  Attached to this motion for reconsideration are the following:

8   Plaintiff's request for production of documents that he titles "reply to requests for production;"

9   Plaintiff's response to Defendants' requests for admissions; and Plaintiff's response to

10  Defendants' interrogatories.  Plaintiff's discovery responses include the following exhibits that

11  allegedly respond to the discovery requests: his April 12, 2015 Natividad Medical Center

12  emergency department provider report; his April 12, 2015 right hand x-ray report, head CT scan

13  report, cervical spine CT report, and left elbow x-ray report; Grievance Case No. 1506544 / Local

14  Log No. OOA-15-01967 and the third level decision on this grievance; Grievance Case No.

15  1501967 / Local Log No. SVSP-15-01870 and the third level decision on this grievance; four

16  CDCR Form 7219s logging the April 12, 2015 injury; a CDCR Form 837 incident report reporting

17  the April 12, 2015 incident; two receipts from the United States Postal Service indicating two

18  items mailed via first-class mail on March 21, 2022 to an address in zip code 94102; and a copy of

19  the Court's March 4, 2022 Order to Show Cause.  *See* Dkt. Nos. 69-1, 69-2.

20        Plaintiff has not shown that the Court clearly erred in dismissing this action for failure to

21  prosecute.  The documents mailed to the Court on March 21, 2022, are discovery responses.  The

22  Court properly returned these documents to him.  Per Fed. R. Civ. P. 5(d)(1), discovery is

23  exchanged between parties and not filed with the Court.  The discovery responses were not

24  responsive to the Court's Order to Show Cause which ordered Plaintiff to address why the Court

25  should not grant Defendants' summary judgment motion or dismiss the action for failure to

26  prosecute pursuant to Fed. R. Civ. P. 41(b).  The Court will not read through discovery responses

27  and guess at how the responses might answer the Order to Show Cause.  When directed to show

28  cause by the Court, Plaintiff should respond directly to the Court's order.  The discovery responses

1  also did not constitute an opposition to Defendants' summary judgment motion.

2      While the discovery responses show Plaintiff's intent to prosecute in March 2022, they do

3  not address why Plaintiff did not prosecute the case prior to March 2022.  As of October 27, 2021,

4  Plaintiff was aware that Defendants had attempted to serve discovery requests on him.  Plaintiff

5  has not explained why he did not respond to the discovery requests served in November 2022, and

6  why he did not communicate with the Court prior to March 21, 2022.

7      The Court DENIES Plaintiff's motion for reconsideration without prejudice to filing a

8  renewed motion for reconsideration that addresses the following: (1) why the Court erred in

9  finding that the five factors set forth in *Omstead* weigh in favor of dismissal; and (2) why Plaintiff

10  is entitled to reconsideration under Fed. R. Civ. P. 60(b).  If seeking reconsideration pursuant to

11  Fed. R. Civ. P. 60(b)(1), Plaintiff should address the four *Bateman* factors listed above.  If seeking

12  reconsideration pursuant to Fed. R. Civ. P. 60(b)(6), Plaintiff should identify what injury and

13  circumstances beyond his control that prevented him from proceeding in a proper fashion.

## CONCLUSION

15      For the reasons set forth above, the Court DENIES Plaintiff's motion for reconsideration

16  without prejudice to filing a renewed motion for reconsideration that addresses the following: (1)

17  why the Court erred in finding that the five factors set forth in *Omstead* weigh in favor of

18  dismissal for failure to prosecute; and (2) why Plaintiff is entitled to reconsideration under Fed. R.

19  Civ. P. 60(b)(6).

20      This order terminates Dkt. No. 69.

21      **IT IS SO ORDERED.**

22  Dated:  6/13/2022

23

24  HAYWOOD S. GILLIAM, JR.
    United States District Judge

25

26

27

28

6